THE NEW HAVEN STEAM SAW MILL COMPANY, GEORGE B. MARTIN, RECEIVER, *vs.* THE CITY OF NEW HAVEN.

Third Judicial District, New Haven, June Term, 1899. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

A committee found that the plaintiff's land had been damaged between certain points, by the change of the grade of a street, to the amount of $15 a front foot. *Held* that from this finding it could not be said that the committee undertook to determine what quantity of interest or title the plaintiff had in its land.

In view of the two-fold character of the improvement disclosed by the record and the facts found in reference thereto, it was *held* that the plaintiff's damages recoverable in this proceeding must be confined to those flowing from one branch of the improvement and affecting a portion only of its frontage.

Argued June 14th—decided October 5th, 1899.

APPEAL from an assessment of benefits and damages resulting from a change of grade in Chapel street in the defendant city and the construction of a new bridge over Mill River, taken to the Superior Court in New Haven County and referred to a committee by whom the facts were found and reported; the court, *Robinson, J.*, overruled *pro forma* a remonstrance filed by the defendant, accepted the report of the committee, and reserved the questions of law arising upon the record for the consideration and advice of this court. *Judgment advised for the plaintiff.*

The report of the bureau of compensation, from which the appeal in this case was taken, is the same as that from which the appeals in the two preceding cases were taken (*ante*, p. 276), but refers to land situated on a different part of the same street. The case was tried to a committee whose report sets forth the facts as follows : —

" The circumstances under which this action is brought are as follows. The city of New Haven raised the grade of the highway known as Chapel street, between East street and Mill river, beginning at the easterly curb line of East street at the old grade, thence easterly about 200 feet, rising to the crown of a new bridge over the freight tracks of the New York, New Haven & Hartford Railroad Company, where the present grade is sixteen feet higher than the former grade ; thence gradually falling to a point 800 feet east of the east line of East street, where the present grade is five feet seven inches above the former grade ; thence about on a level and about the same height above the former grade, to a new drawbridge over Mill river. In constructing said bridge and approaches and in changing said grade, the city erected on each side of Chapel street perpendicular stone retaining walls in front of the premises of the plaintiff, which walls are five

inches higher than the present grade of the street above given; said walls vary, except for a short distance next adjoining East street, from 6 to 16 feet high, and are surmounted on each side of the street by an open iron railing about four feet high. Between said walls Chapel street is filled in solid across its full width to the new grade above given. The frontage . . . of the New Haven Saw Mill Company thus affected is 1,084 feet.

" Said change of grade is attributable to two distinct public improvements : the abolition of a grade-crossing of the freight tracks of the New York, New Haven & Hartford Railroad Company over Chapel street, and the erection of a new drawbridge, taking the place of the old one, over Mill river.

" The original plans and specifications for the abolition of said grade-crossing contemplated that the new grade of Chapel street should run out into the former grade at a point 800 feet east of the east line of East street, hereafter called the 800-foot point; but subsequently the city of New Haven, for the purpose of providing a level approach to the new Mill river bridge, ordered an additional raise in the grade of Chapel street, extending back to a point 500 feet east of the east line of East street. Between said 500-foot point and said 800-foot point the total change of grade of Chapel street is therefore due to the Mill river bridge grade being superimposed upon the grade due to the abolition of said grade-crossing. . . .

" Said grade-crossing was abolished in consequence of an order of the railroad commissioners, dated July 6th, 1886, of which a copy is in evidence, . . . and in consequence of the following additional proceedings. Said order was appealed from by the New Haven Steam Saw Mill Company, and was amended and confirmed by a judgment of the Superior Court, dated November 18th, 1887, of which a certified copy is in evidence. . . . Said order was again amended by the railroad commissioners December 23d, 1887, and a copy of said amended order is in evidence. . . . On November 6th, 1896, a writ of peremptory mandamus was issued

from the Superior Court, commanding the city of New Haven and said railroad company to obey said order and judgment. . . .

"The Mill river bridge improvement was constructed in pursuance of certain votes of the court of common council of the city of New Haven, copies of which are in evidence. . . .

"The court of common council of the city of New Haven assessed damages and benefits as equal to the plaintiff's property on account of each of said improvements.

"George B. Martin is receiver of the New Haven Steam Saw Mill Company, and as such appeals from the order of the court of common council assessing damages and benefits equal on account of said Mill river bridge grade.

"I find that said New Haven Steam Saw Mill Company. and George B. Martin as receiver thereof are the owners of the premises described in the complaint. . . .

"Taking first that part of the premises lying east of the 800-foot point, and in front of which the change of grade already described is entirely attributable to the Mill river bridge improvement, I find that said premises consist of a tract of flats lying between high and low water-mark, 334 feet on Chapel street, and, excepting the easterly 50 feet, some 270 feet deep on the average. . . .

"In changing the grade of Chapel street the city of New Haven took and appropriated for the purpose of said Mill river bridge improvement a strip of the plaintiff's premises about four inches in width along the entire length of 334 feet.

"Plaintiff claimed damages for encroachment and for injury to the value of the premises.

"I find that the plaintiff was damaged by the encroachment above described in the sum of $33.40.

"I find that prior to the change of grade the market value of the above described premises was $45 a foot on Chapel street.

"The retaining wall in front of said premises is about six feet higher than the former grade of Chapel street, and materially obstructs the use of the water privilege in connection

with Chapel street, and increases the cost of improving the flats.

" I find that the premises lying between the 800-foot point and the harbor line have been specially damaged by the Mill river bridge change of grade, over and above all benefits, at the rate of $15 a foot, or $5,010, not including damage for encroachment already found. . . .

" If the court shall find, upon the true construction of the said order appealed from, that the damages to be recovered in this action include only the damage to the premises lying between the 800-foot point and the harbor line, then I find and report that the plaintiff's premises have been specially damaged by said change of grade in the sum of $5,043.40, over and above all benefits."

There was a remonstrance against the report and a reply thereto. The case was then reserved for the advice of this court.

*Henry Stoddard* and *John W. Bristol*, for the plaintiffs.

*William H. Ely*, for the defendant.

ANDREWS, C. J. The grade of Chapel street has been changed by the defendant city, and the land of the plaintiff adjoining that highway has been thereby damaged. It is clear that the plaintiff is entitled to recover damages to some amount. The defendant does not controvert this. Counsel for the city say that the committee has estimated damages on a wrong theory; that is, that the committee has estimated the damages on the theory that the plaintiff is the owner in fee of the land adjoining Chapel street and which it claims has been damaged; whereas in fact the plaintiff is not the owner in fee, but has only such title and interest in the lands injured as an upland owner on tide water has in the flats in front of his upland.

We are not able to see how the facts in the case support this claim of the defendant. The committee has not undertaken to determine what interest or title the plaintiff has in

the lands. He says that the plaintiff's land has been damaged by the change of grade to the amount of $15 a foot on Chapel street; in other words, that the value of the plaintiff's land is, since the change in the grade, less than it was before that change by $15 a foot. It does not appear that the quantity of the plaintiff's interest in the land enters in anywise into the estimate. The committee seems to have proceeded according to the rule approved by this court. *Cook* v. *Ansonia*, 66 Conn. 413; *Holley* v. *Torrington*, 63 id. 426.

The committee was correct in holding that the plaintiff has no right of way over the track of the railroad.

Reading the order appealed from in the light of all the facts as they are set forth in the report of the committee in this case and in the two former cases, we are of the opinion that by the true construction of that order the damages to be recovered in this action should include only the damages to the premises lying between the 800-foot point and the harbor line,—namely, $5,043.40 over and above all benefits.

The Superior Court is advised to accept the report and to render judgment for the plaintiff to recover of the city the said sum. The costs in this court will be taxed in favor of the plaintiff.

In this opinion the other judges concurred.