GUSTAVE BENSON ET AL. *v.* HOUSING AUTHORITY OF
THE CITY OF NEW HAVEN

WYNNE, C. J., BALDWIN, DALY, KING and MURPHY, Js.

Submitted on briefs February 13—decided March 25, 1958

*Charles M. Lyman,* on the brief for the appellants (plaintiffs).

*Samuel A. Persky, Donald E. Cobey* and *Ronald J. Fracasse,* on the brief for the appellee (defendant).

BALDWIN, J. The plaintiffs in this action seek an injunction against the erection by the defendant of a moderate rental housing development, a declaratory judgment determining whether the legislation under which the defendant purports to act is constitutional, and other relief. The court sustained the defendant's demurrer to the complaint, and the plaintiffs have appealed from the judgment entered upon their refusal to plead over.

The trial court, in its memorandum of decision, correctly pointed out that the complaint, as one seeking a declaratory judgment, was defective in that it did not contain the required statement of an actual bona fide and substantial question in dispute or an uncertainty of legal relations between the parties and did not set forth the statute the constitutionality of which was questioned, and that the writ did not cite in all the necessary parties. Practice Book § 277 (b), (d), & Form No. 386 (10). These defects, how-

ever, were not assigned as grounds for the demurrer. The court disposed of the case upon the grounds which were stated. We shall consider the appeal upon the legal issues raised by the demurrer.

The complaint alleges the following salient facts. The plaintiffs are the owners of several parcels of real estate in New Haven. On January 22, 1957, the defendant commenced condemnation proceedings under chapter 52 of the General Statutes (Municipal Housing Authorities Act) to acquire twenty-one acres of land in the neighborhood of the plaintiffs' properties, in order to erect thereon a moderate rental housing development. Thereafter, the defendant purchased this land pursuant to an agreement with the owner for approximately $75,000. The location of the development in the vicinity of the plaintiffs' properties will substantially depreciate their value, but the defendant does not propose, nor have any proceedings been taken, to compensate the plaintiffs for this depreciation. The defendant claims the power to erect the housing development on the basis of the existence of an emergency, whereas there is no emergency. The proposed location is inappropriate for the purpose intended. There is no menace to the public health, safety, morals or welfare of the residents of New Haven on the land taken, nor in the localities from which it is intended to remove residents to the land acquired by the defendant. The potential tenants of the proposed housing are not restricted to those presently residing in any particular locality where existing housing accommodations are a menace to the health, safety, morals or welfare of the residents of New Haven. The housing development is to be financed by loans, at low rates of interest, from tax money collected by the state. The construction of a housing development on the land

acquired by the defendant violates the zoning ordinance of New Haven.

A complaint is tested on demurrer by the facts provable under its allegations. *Rutt* v. *Roche,* 138 Conn. 605, 608, 87 A.2d 805. The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them. *Wildman* v. *Wildman,* 72 Conn. 262, 270, 44 A. 224. So considered, this complaint purports to state a cause of action upon two general bases: (1) The act is unconstitutional in that it allows the defendant, without making any compensation to the plaintiffs, to construct a housing development which will depreciate their properties, and permits the construction when it is not needed to meet any emergency and when it does not otherwise serve the public welfare. (2) The intended action of the defendant violates the zoning regulations. The form of the demurrer is not adapted to this complaint and fails to state succinctly the grounds upon which the pleader relies. Practice Book § 96 & Form No. 259; *Donovan* v. *Davis,* 85 Conn. 394, 398, 82 A. 1025. We will, however, follow the trial court in treating the grounds of demurrer as being: (1) The defendant is a public agency constructing a public work, and it is not alleged, nor does it appear, that any property of the plaintiffs will be taken for which the law requires the payment of compensation. (2) It is not alleged, nor does it appear, that the construction of a housing development will cause any special injury to the plaintiffs. (3) So far as it is alleged or otherwise appears in the complaint, the emergency which warrants the construction of municipal housing developments, and which was found by the legislature in a declaration of necessity incorporated in the act, still exists, as does the need to serve the public wel-

fare. (4) It is not alleged, nor does it appear, that the erection of a housing development constitutes a nuisance. (5) As to the prayer for an injunction, there was nothing in the complaint to show that the plaintiffs would be irreparably injured or did not have an adequate remedy at law.

The defendant purported to act pursuant to the Municipal Housing Authorities Act to acquire property by condemnation for the construction of a moderate rental housing development. Cum. Sup. 1955, § 440d; General Statutes § 932. The act contains a legislative determination of an emergency requiring the construction of the public works authorized by it. Nov. 1955 Sup., § N13. It is not alleged in the complaint, nor does it appear therefrom, that the defendant has physically taken any of the plaintiffs' "real property" or the improvements thereon, or that the defendant has taken from the plaintiffs any rights in their properties as defined in § 924 (k). Furthermore, the defendant has not deprived the plaintiffs of the benefit of any restrictive covenant concerning the use of the properties physically taken which the plaintiffs, as the owners of other property, claim to enjoy. The plaintiffs allege only that the construction of the housing development will "depreciate substantially the value of [their] properties" and that they will not be compensated "for such depreciation in value."

The rule is firmly established in this state that where no land is physically taken and no interest in it which the law recognizes is extinguished or affected in a manner detrimental to the owner, the prohibition contained in article first, § 11, of our constitution against the taking of property for public use without just compensation does not apply. *Andrews v. Cox*, 129 Conn. 475, 477, 29 A.2d 587; *Warner v.*

*New York, N.H. & H.R. Co.,* 86 Conn. 561, 565, 86 A. 23; *Lane* v. *Harbor Commissioners,* 70 Conn. 685, 698, 40 A. 1058; *Bradley* v. *New York & N.H.R. Co.,* 21 Conn. 294, 309; *Hollister* v. *Union Co.,* 9 Conn. 436, 446; *Holyoke Water Power Co.* v. *Connecticut River Co.,* 20 F. 71, 79, 52 Conn. 570; *Campbell* v. *United States,* 266 U.S. 368, 371, 45 S. Ct. 115, 69 L. Ed. 328; *United States* v. *Honolulu Plantation Co.,* 182 F.2d 172, 175; *Richert* v. *Board of Education,* 177 Kan. 502, 507, 280 P.2d 596; *Johnson* v. *Consolidated Gas, Electric Light & Power Co.,* 187 Md. 454, 471, 50 A.2d 918; *In re State Highway Commissioner,* 326 Mich. 183, 188, 40 N.W.2d 111; 2 Nichols, Eminent Domain (3d Ed.) §§ 6.441[1], 6.4432[1]. The rationale of the rule is that, under such circumstances, any loss which a landowner may sustain is part of the price paid for the social compact of organized society, because the public has reserved to it certain claimed rights over all property. *Warner* v. *New York, N.H. & H.R. Co.,* supra; see *State* v. *Hillman,* 110 Conn. 92, 104, 147 A. 294.

The plaintiffs claim, however, that the prohibition contained in article first, § 11, when read in connection with article first, § 12, which provides that "every person, for an injury done to him in his person, property or reputation, shall have remedy by due course of law," manifests an intention not only to guarantee protection against a specific injury by reason of the actual taking of a particular property but also to provide a general guarantee of redress for more general classes of injury. In short, the claim is that although the acts of the defendant are not so direct and specific as to subject it to the prohibition of article first, § 11, they are of such a nature as to subject it to damages under article first, § 12. The word "injury" as used in § 12 means an injury

which is "violative of established law of which a court can properly take cognizance." *Taylor* v. *Keefe,* 134 Conn. 156, 163, 56 A.2d 768, and cases cited. Our courts, in the absence of specific statutory provision, have never recognized as compensable an injury such as that claimed by these plaintiffs.

Some constitutions and statutes provide a recovery for the "taking or damage" and consequently are liberally construed to include compensation for injury akin to that charged by the plaintiffs. 2 Nichols, Eminent Domain (3d Ed.) § 6.4432[2]; *New Haven Steam Saw Mill Co.* v. *New Haven,* 72 Conn. 276, 285, 44 A. 233. Our constitution, however, contains no such language, nor do our statutes provide compensation for such an injury. Section 932 gives to the defendant power to proceed to acquire "real property" by eminent domain under § 7181. "Real property," as defined in the Municipal Housing Authorities Act, under which the defendant purports to act, does not include any such right as the plaintiffs now claim has been impaired. § 924 (k). True, § 7181, in the chapter entitled "Eminent Domain," provides for the assessment of "just damages." By the terms of that statute and § 7188, however, damages are to be paid only to the owners of, or the holders of incumbrances upon, land or an interest in land which is taken. Furthermore, the damage suffered must be peculiar to the land in connection with which it is claimed and not damage which is suffered by landowners in general or in the vicinage. *Feltz* v. *Central Nebraska Public Power & Irrigation District,* 124 F.2d 578, 583; *Beckham* v. *Stockton,* 64 Cal. App. 2d 487, 498, 149 P.2d 296; *Wyman* v. *Boston,* 282 Mass. 204, 207, 184 N.E. 462; *Illinois Iowa Power Co.* v. *Guest,* 370 Ill. 160, 164, 18 N.E.2d 193; *Gilmore* v. *Central Maine Power Co.,* 127 Me. 522,

527, 145 A. 137; 2 Nichols, Eminent Domain (3d Ed.) § 6.4432[2], p. 350. It follows that because the complaint did not set forth facts from which it appeared that the plaintiffs had any interest entitling them to injunctive relief or a declaratory judgment, it failed to state a cause of action for the relief claimed. The trial court properly sustained the demurrer for the reasons designated heretofore as ground (1).

The plaintiffs claim that they are entitled to injunctive relief because the construction of the housing development by the defendant will violate the zoning ordinance of New Haven. They rely upon *Fitzgerald* v. *Merard Holding Co.,* 106 Conn. 475, 138 A. 483. They assert that the zoning restrictions on the land taken by the defendant create a right in the nature of an easement on that land in favor of their properties. See *Stamford* v. *Vuono,* 108 Conn. 359, 368, 143 A. 245. They cite no authority for this proposition, and we have been able to find none. See *Mullholland* v. *State Racing Commission,* 295 Mass. 286, 290, 3 N.E.2d 773; *Circle Lounge & Grille, Inc.* v. *Board of Appeal,* 324 Mass. 427, 431, 86 N.E.2d 920; *Boyle* v. *Building Inspector,* 327 Mass. 564, 566, 99 N.E.2d 925. In the *Merard* case the complaint contained a general allegation of irreparable injury and a specification of facts from which, if proven, a conclusion of special irreparable injury to the plaintiff could be drawn. *Fitzgerald* v. *Merard Holding Co.,* supra, 480; 325 Rec. & Briefs 396. That is not true of the complaint in the instant case, where allegations of special irreparable injury and specifications of fact to support it are lacking. The trial court properly sustained the demurrer for the reasons contained in ground (2).

The complaint does not contain allegations to support an action for a declaratory judgment determin-

ing the constitutionality of the act or for an injunction to prevent the defendant from proceeding under it because it is invalid. To question the constitutionality of a statute, a party must allege facts to show that he will suffer a legal injury from its operation. *State* v. *Donahue,* 141 Conn. 656, 665, 109 A.2d 364; *Carroll* v. *Socony-Vacuum Oil Co.,* 136 Conn. 49, 59, 68 A.2d 299; *State* v. *Sinchuk,* 96 Conn. 605, 615, 115 A. 33. This principle also disposes of the plaintiffs' further claim, based upon allegations in their complaint, to the effect that there is no emergency warranting the construction of the proposed moderate rental housing and that the site selected by the defendant is inappropriate. The court properly sustained the demurrer for the reasons stated in ground (3). The plaintiffs have made no claim that the court erred in sustaining the demurrer on ground (4), i.e. that no nuisance was alleged or appeared from the allegations of the complaint, and it is therefore unnecessary to consider this ground. For the reasons applicable to grounds (1), (2) and (3), the trial court properly sustained the demurrer on ground (5).

There is no error.

In this opinion the other judges concurred.