GILMAN J. CYR *v.* TOWN OF BROOKFIELD

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, Js.

Argued November 9—decided December 22, 1965

*Howard R. Matzkin,* with whom was *Alvin Rosenbaum,* for the appellant (plaintiff).

*A. Searle Pinney,* with whom, on the brief, was *Hugh A. Burrell,* for the appellee (defendant).

House, J. This suit was brought on a complaint sounding in nuisance based upon the alleged action of the defendant town in deliberately and without notice closing off a storm sewer drain as a result of which the plaintiff's property was flooded and damaged. The defendant demurred to the complaint on the ground that it did not state a cause of action since it did not set forth any duty on the part of the defendant to permit the plaintiff to maintain a con-

nection of his private drains to the defendant's storm sewer system or to warn the plaintiff of its intention to remove the drain which connected with the storm sewer. Without complying with Practice Book § 114 and General Statutes § 52-232, the court sustained the demurrer and rendered judgment for the defendant when the plaintiff did not plead further. From this judgment the plaintiff has appealed.

The demurrer admits all well-pleaded facts. *Weaver* v. *Ives,* 152 Conn. 586, 589, 210 A.2d 661. The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them; *Benson* v. *Housing Authority,* 145 Conn. 196, 199, 140 A.2d 320; and if facts provable under the allegations would support a cause of action, the demurrer must fail. *Rutt* v. *Roche,* 138 Conn. 605, 609, 87 A.2d 805. The court will not, in passing on the demurrer, consider other grounds than those specified. *Turrill* v. *Erskine,* 134 Conn. 16, 19, 54 A.2d 494.

If we thus test the complaint, the following facts are taken as admitted: The plaintiff owned premises abutting Horseshoe Drive in Brookfield. He installed several drains from the cellar and exterior of the premises leading into a common drain which in turn was connected with a storm sewer installed in Horseshoe Drive, which he also then owned. In March, 1961, he conveyed several parcels of land to the defendant town, including Horseshoe Drive, which thereupon became a public highway. The defendant is charged with the construction, maintenance and repair of drains and storm sewers on streets which it has accepted. Sometime prior to December 29, 1962, the defendant, without notice or any warning to the plaintiff, severed, sheared

off, blocked or removed the drain installed by the plaintiff, "knowing that by its conduct it would be creating an inherently dangerous condition amounting to a nuisance, which the plaintiff would be unable to detect or take steps to correct because of the hidden condition involved." This "deliberate" conduct on the defendant's part "had a natural tendency to create danger and inflict injury upon the property of the plaintiff." As a result of the defendant's "deliberate" conduct in severing the drain without warning the plaintiff so that he might take adequate steps to protect his property, the plaintiff's premises were severely damaged by the large accumulation of water which became deposited thereon and could not flow into the drain and storm sewer.

The sole question for determination, therefore, is whether the complaint, which alleges these facts, fails to set out a cause of action because it does not also allege a duty on the part of the defendant of maintaining the drain or a duty of warning the plaintiff that the drain was to be severed.

It is well established that a municipality may be held liable for injury resulting from a nuisance created and maintained by it. *Brennan* v. *West Haven,* 151 Conn. 689, 692, 202 A.2d 134; *Marchitto* v. *West Haven,* 150 Conn. 432, 437, 190 A.2d 597; *Hoffman* v. *Bristol,* 113 Conn. 386, 389, 155 A. 499; 2 Antieau, Municipal Corporation Law § 11.03; Joyce, Nuisances § 353; see Wilbourne, "Municipal Nuisance Liability: A Problem in Characterization," 38 Conn. B.J. 51. The essential element of nuisance is a continuing inherent or natural tendency to create danger and inflict injury. *Chazen* v. *New Britain,* 148 Conn. 349, 355, 170 A.2d 891; *Carabetta* v. *Meriden,* 145 Conn. 338, 339, 142 A.2d 727. If

the natural tendency of the act complained of is to create danger and inflict injury upon person or property, it may properly be found a nuisance as a matter of fact. *Nixon* v. *Gniazdowski,* 145 Conn. 46, 52, 138 A.2d 796; *Warren* v. *Bridgeport,* 129 Conn. 355, 359, 28 A.2d 1; *Capozzi* v. *Waterbury,* 115 Conn. 107, 111, 160 A. 435.

As long ago as *Mootry* v. *Danbury,* 45 Conn. 550, 556, we said with regard to municipal liability for a nuisance causing damage to real property: "A principle of universal application—that every man shall transact his lawful business in such a manner as to do no unnecessary injury to another—compels them to do what they are required to do in a proper manner. In other words, towns will not be justified in doing an act lawful in itself in such a manner as to create a nuisance, any more than individuals. And if a nuisance is thus created, whereby another suffers damage, towns like individuals are responsible." We have consistently adhered to this principle. A municipality which creates a nuisance causing damage to the land of another is not excused from liability on the ground that the act is lawful in itself if, under all the circumstances, it is unreasonable. If the condition created has a natural tendency to create danger and inflict injury to the property of another, and such damage is caused thereby, there may be liability if the condition created is unreasonable or unlawful. *Chazen* v. *New Britain,* supra; *Laspino* v. *New Haven,* 135 Conn. 603, 605, 67 A.2d 557; *Beckwith* v. *Stratford,* 129 Conn. 506, 508, 29 A.2d 775; see *DeLahunta* v. *Waterbury,* 134 Conn. 630, 634, 59 A.2d 800. The Restatement of Torts, in volume 4 § 822, has adopted the test of reasonableness and holds (§ 826): "An intentional invasion of another's interest in the

use and enjoyment of land is unreasonable under the rule stated in § 822, unless the utility of the actor's conduct outweighs the gravity of the harm."

This principle is but an application of the rule that "[i]t is the duty of every person to make a reasonable use of his own property so as to occasion no unnecessary damage or annoyance to his neighbor. If the use is unreasonable the law will hold him responsible." *Nailor* v. *C. W. Blakeslee & Sons, Inc.,* 117 Conn. 241, 245, 167 A. 548. It is analogous to the rule applied in the case of trespass where the trespasser is clearly a wrongdoer, but the landowner cannot exceed the bounds of reasonableness in abating the trespass. Long ago we held in *Beardslee* v. *French,* 7 Conn. 125, 128, that where a trespasser wrongfully erected posts and rails on the defendant's land "the defendant might legally remove them, doing no *unnecessary* damage; but the law admits of no wanton spoil or waste, even in such cases. It is sufficient, that a person may put out of the way all impediments to the enjoyments of his rights, without inflicting unnecessary injury on the rights of others." Similarly, a mere trespass does not justify a landowner in using a dangerous weapon in an effort to eject the trespasser. *State* v. *Pallanck,* 146 Conn. 527, 530, 152 A.2d 633.

It follows that if the defendant had no duty to maintain the drain which it deliberately severed, and if it had a legal right to sever it without any notice to the plaintiff, it may still be liable if, under all the circumstances, the manner in which it did so was unreasonable and created a nuisance with resulting damage to the plaintiff's land. Whether a nuisance was created and whether under all the circumstances the act of the defendant was unreasonable, even though lawful in its basic objective, are

questions which can only be determined upon a trial. It cannot be held that the complaint does not set forth a good cause of action in nuisance. Accordingly, the demurrer should have been overruled.

There is error, the judgment is set aside and the case is remanded with direction to overrule the demurrer.

In this opinion the other judges concurred.