[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants, Boppers of New Haven, Inc. ("employer") and permittee Lawrence J. Martin, have moved to strike two counts of the complaint of the plaintiff, Gregg Duff. In Count One of his complaint, the plaintiff alleges that three "bouncers" employed by Boppers, Inc., assaulted the plaintiff "viciously and without provocation". (Complaint #6). The plaintiff seeks recovery against the defendant on the basis of vicarious liability of an employer for the negligent actions of its employees and on a claim that the employer failed to screen, train and supervise its bouncers. The first count sounds, in negligence.
The motion to strike is directed at Count Two, which incorporates the allegation that the bouncers assaulted the plaintiff without provocation but which contains no further factual allegations beyond those pleaded in the first count. In Count Two, paragraph 13, the plaintiff alleges that the assault "constituted a willful, wanton and intentional injury inflicted by the defendant's agents, servants and employees while acting on behalf of the defendant and within the scope of their agency and employment."
The motion to strike is also directed at Count Three, in which the plaintiff alleges that the assault by the bouncers was an unfair trade practice that violated General Statutes § 42-110b(a) CT Page 9517 (Connecticut Unfair Trade Practices Act, or "CUTPA"). In Count Three, the plaintiff does not incorporate those allegations of Count One that allege negligence in training, supervising and screening of employees.
The defendants have also moved to strike the plaintiff's claims for punitive damages and counsel fees that are related to Counts Two and Three.
I. Standard of Review
The function of a motion to strike is to test the legal sufficiency of a pleading. Practice Book § 152; Ferryman v. Groton,212 Conn. 138, 142 (1989). A motion to strike admits all facts well pleaded; Cyr v. Brookfield, 153 Conn. 261, 263 (1965); and the allegations of the complaint are to be given the same favorable construction as a trier of fact would be required to give them in admitting evidence under them. Ferryman v. Groton, 202 Conn. 138,142; Benson v. Housing Authority, 145 Conn. 196, 199 (1958). Facts necessarily implied by the allegations in a complaint are sufficiently pleaded and need not be expressly alleged. Bouchardv. People, 219 Conn. 465, 471 (1991); Ferryman v. Groton, 212 Conn. 138,146. In any facts provable under the express and implied allegations in the plaintiff's complaint support a cause of action, the complaint is not vulnerable to a motion to strike. Bouchard v.Peoples' Bank, 219 Conn. 564, 571; Senior v. Hope, 156 Conn. 92,97-98 (1968).
Count Two
The theory of this count is that the bouncers acted willfully, wantonly and/or intentionally in assaulting the plaintiff, and that the defendants, their employers, are liable for their willful, wanton and intentional misconduct. The defendants move to strike on the basis that the plaintiff has added no factual allegations beyond those stated in the count sounding in negligence, Count One. In paragraph 6 of Count One, the plaintiff alleges that "the plaintiff was viciously and without provocation assaulted by three bouncers employed by the defendant, two of whom held the plaintiff's arms while the third struck the plaintiff in the face and head with great force and violence."
It appears to the court that the plaintiff has pleaded allegations sufficient to state a claim of willful, wanton of intentional assault in Count One, such that he has pleaded both CT Page 9518 negligence and willful conduct in that count and then has repeated facts that sufficiently state a claim of wanton and willful conduct by the bouncers in Count Two. Since Count Two incorporates paragraph 6 of Count One, it contains sufficient allegations of willful and wanton misconduct. The flaw in the pleading appear to be over-pleading in Count One, not under-pleading in Count Two.
Count Three
The defendants have moved to strike this count on the ground that the assault of a business patron by employees of the business is not conduct regulated by CUTPA[1][.] The plaintiff's response is to the effect that any tort perpetrated by an employee of a business while acting in the course of his employment violates CUTPA, and that the doctrine of respondent superior converts an employee's tort into a CUTPA violation. The actual prohibition of CUTPA, set forth at General Statutes § 42-110b(a), is as follows:
 No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.
The plaintiff has alleged that the assault was inflicted upon him by employees of the defendants "acting on behalf of the defendant and within the scope of their agency and employment." (Complaint, par. 13).
In A G Foods, Inc. v. Pepperidge Farm, Inc., 216 Conn. 200,208-09 (1990), the Supreme Court indicated that the doctrine of vicarious liability of an employer for torts by an employee does not define the scope of liability of an employer under CUTPA for such conduct. In that case, the plaintiff claimed it had been defrauded by an employee of Pepperidge Farm while he was working in the course of his employment. The Supreme Court ruled that the employer's negligence in failing to prevent the intentional malfeasance of its employee was not an unfair or deceptive trade practice within the meaning of § 42-110b(a). A.G[.] Foods, Inc. v.Pepperidge Farm, Inc., 216 Conn. 215.
The Supreme Court's ruling was, however, made upon the record of a completed trial, with an analysis of whether the facts adduced met the requirements of the so-called "cigarette rule" A.G. Foods,Inc. v. Pepperidge Farms, Inc., 216 Conn. 216. CT Page 9519
The present issue is presented, by contrast, in the context of a motion to strike. If, for example, the plaintiff were to prove that the defendant employer had actually authorized its bouncers to use maximal and punitive physical force against patrons they ejected as part of a method for keeping order at Boppers, then the alleged actions of the bouncers could indeed be found to have been unfair and actionable under CUTPA.
Since the court cannot conclude that no set of facts provable under the allegations of Count 3 would support a cause of action under CUTPA, the motion to strike that count is denied.
Conclusion
The motion to strike is denied in its entirety.
Beverly J. Hodgson Judge of Superior Court