[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case comes before the court on a motion to strike filed by defendants Handler Friar Architects, Inc. ("Corporation"), David L. Friar, and Phillip S. Handler. At oral argument, the parties agreed that the first four counts of the current complaint may be stricken as to the movants, and in their brief the plaintiffs agree that Counts 5 and 6 should be stricken as to the CT Page 9524 individual defendants Handler and Friar.
The court heard argument on May 31, 1994 on the further motion of the defendants to strike Counts 5, 6 and 7 and portions of the prayer for relief that identify punitive damages and attorney's fees as among the remedies sought.
While the motion to strike was sub judice, this case was dismissed in the semi-annual dormancy program. After the judgment of dismissal was opened on July 27, 1994, the case was returned to this court for adjudication of motion to strike. The Corporation moves to strike Counts 5, 6 and 7 on the ground that the plaintiffs have failed to allege facts which state causes of action against it in any of these counts.
Standard
The function of a motion to strike is to test the legal sufficiency of a pleading. Practice Book § 152; Ferryman v. Groton,212 Conn. 138, 142 (1989). A motion to strike admits all facts well pleaded; Cyr v. Brookfield, 153 Conn. 261, 263 (1965); and the allegations of the complaints are to be given the same favorable construction as a trier of fact would be required to give them in admitting evidence under them. Ferryman v. Groton, 212 Conn. 138,142; Benson v. Housing Authority, 145 Conn. 196, 199 (1958). Facts necessarily implied by the allegations in a complaint are sufficiently pleaded and need not be expressly alleged. Bouchardv. People's Bank, 219 Conn. 465, 471 (1991); Ferryman v. Groton,212 Conn. 138, 146. If any facts provable under the express and implied allegations in the plaintiff's complaint support a cause of action, the complaint is not vulnerable to a motion to strike.Bouchard v. People's Bank, 219 Conn. 564, 571; Senior v. Hope,156 Conn. 92, 97-98 (1968).
Count Five
In Count 5 of the complaint the plaintiffs assert that they were furnished with plans and specifications by defendants Anderson and CHFA which "defendants" knew to be inadequate, obsolete and misleading." (Revised Complaint ¶ 13.) The plaintiffs do not allege that the movant Corporation furnished them with the indicated plans or made any representations to the plaintiffs, rather, read as a whole and according to the principles set forth above, the plaintiffs have alleged only that the Corporation prepared plans that other defendants allegedly used for fraudulent CT Page 9525 purposes (Fifth Count, ¶ 13) and that Handler Friar refused to approve payment when a request for payment was submitted in March 1987 (Fifth Count, ¶ 1). The complaint does not allege that the failure to approve payment was wrongful under whatever standards governed the process for approval of payments by the architectural firm. The plaintiffs allege payments of fees to Handler Friar but do not set forth the scope of the duties that this Corporation agreed to do in return for such fees.
The plaintiffs obliquely assert that the Corporation failed to disclose information, delayed approvals and failed to disclose the scope of the work without ever alleging any transaction by which this party was obligated to provide the disclosures or approvals cited.
A cause of action for fraud arising from nondisclosure requires the allegation that the defendants had a duty of disclosure because of some contractual duty, rule of court, vendor-vendee relationship or the like. Duksa v. Middletown, 173 Conn. 124,127 (1977); Egan v. Hudson Nut Products, 142 Conn. 344, 347-48
(1955); Jackson v. Jackson, 2 Conn. App. 179, 194, cert. denied,194 Conn. 805 (1984); Wedig v. Brinster, 1 Conn. App. 123, 130-131
(1983). As the court stated in Jackson v. Jackson, 2 Conn. App. 194, "[t]he key element in a case of fraudulent nondisclosure is that there must be circumstances which impose a duty to speak."
The plaintiffs have failed to plead any source of a duty of Friar Handler to make disclosure or provide advice at the time another party showed the plans to the plaintiffs. The plaintiffs do not plead that Friar Handler had a duty to provide approvals on the occasion the firm is alleged to have failed to do so. Absent allegations of a duty to disclose or to perform a particular act, the plaintiffs have not adequately pleaded a cause of action in fraud. Count Five fails to state a cause of action and is hereby stricken.
Count Six
In this count, the plaintiffs allege that Handler Friar was negligent in performing architectural services. The plaintiffs allege that they retained this firm in June 1986. (Count Six, ¶ 20.) They allege that the Corporation had also prepared plans and specifications prior to that time, and it is not clear whether the claim of negligence is asserted as to services performed for the plaintiffs or as to the prior services. Since, however, according CT Page 9526 to the principles set forth above, such ambiguities are to be resolved in favor of the pleader of the cause of action upon a motion to strike, the motion is denied as to the claim of professional negligence in performing services on behalf of the plaintiffs.
With regard to the claims of negligence in conducting timely inspections of the work performed on the project, the Corporation correctly observes that the plaintiffs have failed to allege in this count of the complaint the existence of any duty to perform such inspections or any time limits on their performance. The plaintiffs may not maintain a cause of action for breach of a duty without asserting some facts giving rise to the existence of a duty. The allegation that they retained the Corporation with regard to specifications and plans gives rise to no inference that they also retained them to perform inspections, since such services are not always performed by architects.
A cause of action based on negligence requires the allegation not only of negligent performance but of the existence of a duty to perform. Coburn v. Lenox Homes, Inc., 186 Conn. 370, 375 (1982);Shore v. Stonington, 187 Conn. 147, 151-52 (1982).
The motion to strike is granted as to the allegations in this count of negligence in performing inspections.
Count Seven
In this count, the plaintiffs allege the existence of a written contract by which the Corporation and David Friar and Philip Handler obligated themselves to perform certain specified services to the plaintiff. The plaintiffs allege breach of this obligation undertaken in that contract. The only ground that the defendant asserts as a reason to strike this count is that the allegations are unspecific and conclusory. Such deficiencies should have been addressed by a request to revise, and lack of specificity does not constitute a failure to state a cause of action where, as here, the complaint alleges the existence of a contract and the breach of the duties undertaken in that contract.
The motion to strike is denied as to Count Seven.
Conclusion
The motion to strike of Friar Handler, David L. Friar and CT Page 9527 Phillip Handler, is adjudicated as follows:
1. Granted by agreement as to Counts 1, 2, 3 and 4.
2. Granted as to Count 5 as to all movants.
3. Granted as to all movants as to that portion of Count 6 that alleges negligent performance of inspection; denied as to other claims of negligence.
4. Denied as to Count 7.
As the plaintiffs concede in their brief, the claims for multiple and punitive damages should be stricken as to all claims other than Count Five as to the movants. Since the court has stricken Count 5, these claims for relief are stricken as to all counts directed to the movants.
The plaintiffs have failed to plead any contractual entitlement to counsel fees, and that claim for relief is likewise stricken as to all counts directed to the movants.
Beverly J. Hodgson Judge of the Superior Court