[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case comes before the court on the defendant's motion to strike the third count of the complaint, in which the plaintiffs claim that the defendant violated the Connecticut Uniform Trade Practices Act ("CUTPA") by renting them a residential apartment containing lead paint.
The grounds stated in the motion to strike are 1) that a claim of negligence does not give rise to a cause of action under CUTPA; CT Page 3732 and 2) that by identifying as the violation "single transaction" the plaintiff has failed to strike a claim under CUTPA.
In the count of the complaint that is the subject of the motion to strike, the plaintiffs incorporated by reference the allegations of the first count. That count sounds in negligence. In the first count, the plaintiffs allege that during their occupancy of an apartment rented to them by the defendant, the defendant "created, maintained and concealed a hazardous hidden condition within and without the premises" (First Count ¶ 4) that the defendant knew or in the exercise of reasonable care should have known that various surfaces of the premises that were accessible to children contained lead-based paint (First Count, ¶ 5) and that plaintiff Cody Pollio suffered elevated lead levels in his blood and the effects thereof as a result of the negligence of the defendant in failing to remedy the alleged defective conditions and in failing to warn the plaintiffs of the presence of lead-based paint in the apartment. (First Count, ¶¶ 9, 10, 12).
In addition to incorporating the allegations of the First Count, the plaintiffs allege in the third count of their complaint that they were "consumer[s] of rental housing" (Third Count, ¶ 13), that in leasing the premises to the plaintiffs the defendant was engaged in trade and commerce (Third Count, ¶ 14), and that "[t]he aforesaid concealment of and failure to remedy the hazardous and unlawful condition of the leased premises by the defendant landlord constitutes an unfair and deceptive practice and constitutes a violation of Connecticut General statutes § 42-110a et seq., the Connecticut Unfair Trade Practices Act." (Third Count, ¶ 15).
STANDARD OF REVIEW
The function of a motion to strike is to test the legal sufficiency of a pleading. Practice Book § 152; Ferryman v. Groton,212 Conn. 138, 142 (1989). A motion to strike admits all facts well pleaded; Cyr v. Brookfield, 153 Conn. 261, 263 (1965); and the allegations of the complaint are to be given the same favorable construction as a trier of fact would be required to give them in admitting evidence under them. Ferryman v. Groton, 212 Conn. 138,142; Benson v. Housing Authority, 145 Conn. 196, 199 (1958). Facts necessarily implied by the allegations in a complaint are sufficiently pleaded and need not be expressly alleged. Bouchardv. People's Bank, 219 Conn. 465, 471 (1991); Ferryman v. Groton,212 Conn. 138, 146. If any facts provable under the express and implied allegations in the plaintiff's complaint support a cause of CT Page 3733 action, the complaint is not vulnerable to a motion to strike.Bouchard v. People's Bank, 219 Conn. 465, 471; Senior v. Hope,156 Conn. 92, 97-98 (1968).
RENTING OF DEFECTIVE PREMISES AS AN UNFAIR TRADE PRACTICE
Though their supplemental brief in opposition to the motion to strike suggests otherwise, in fact the plaintiffs have, in the challenged third count of their complaint, alleged only a defect arising from negligence. In the second count, the plaintiffs allege as a separate cause of action violation of General statutes § 47a-8, which was in effect until July 1, 1994, and which provided that the presence of lead-based paint in a residential unit rendered the premises uninhabitable. In their CUTPA count, however, the plaintiffs have not incorporated the invocation of General statutes § 47a-8, and the text of the third count is therefore a claim that a non-statutory defect arising from negligence is an unfair or deceptive practice violative of CUTPA.
While the plaintiffs correctly observe that the Connecticut Supreme Court has found CUTPA applicable to landlord-tenant transactions, the only defects that the Court has found actionable under CUTPA in that context are those found to offend public policy as embodied in regulatory statutes. The actions of the landlords in Conaway v. Prestia, 191 Conn. 484, 493 (1983) that were actually found to be unfair trade practices were 1) the receipt of rent for housing units that failed to comply with minimum standards of housing safety and habitability embodied in statutes; and 2) the landlord's failure to obtain certificates of occupancy prior to human habitation of the units as required by statute. The Court found that these actions of fended the public policy embodied in General statutes §§ 47a-5 at 47a-57, though the Court found that these statutes did not themselves create a specific prohibition against receiving rents voluntarily paid. Conaway v. Prestia,191 Conn. 493.
The Supreme Court confirmed in Kelley Property DevelopmentInc. v. Lebanon, 226 Conn. 314, 333 (1993) that a "private cause of action exists under CUTPA for alleged violation of certainlandlord-tenant statutes," citing Conaway v. Prestia. [emphasis supplied]. Notably, the Supreme Court did not characterize Conaway as holding that a cause of action under CUTPA generally exists forall landlord practices or actions alleged to be unfair, but summarized its holding in Conaway as having been limited to claims based on practices that offend public policy as set forth in CT Page 3734 regulatory statutes.
The plaintiffs, in opposing the motion to strike, argue as if the third count articulated a claim that the landlord's failure to comply with General statutes § 47a-8 constituted a CUTPA violation. This is not what the plaintiffs have in fact pleaded. Because Practice Book § 109A requires that when a claim is grounded on a statute, the statute must be specifically identified by number, this court is not free to infer that the plaintiffs are invoking noncompliance with a statute. Moreover, the Appellate Court has stated that a claim under CUTPA must be pleaded with particularity to allow evaluation of the legal theory upon which the claim is based. S.M.S. Textile Mills, Inc. v. Brown, Jacobson, Tillinghast,Lahan King, P.C., 32 Conn. App. 786, 797 (1993). On its face, the third count does not incorporate the statutory claim set forth in the second count but states only that negligence in maintaining a rental unit and negligence in discovering and warning the plaintiffs about a latent defect constitute a CUTPA violation. By that reasoning, a landlord's failure to repair a rotted step would state a cause of action under CUTPA. The Supreme Court has not held that a landlord's negligence in maintaining a rental unit constitutes a violation of CUTPA but has held only, in the landlord-tenant context, that collection of rent in the presence of violation of statutory safety requirements offends stated public policy and is therefore actionable under CUTPA.
The issue for this court then, is whether the alleged negligence, apart from failure to comply with statutory health and safety requirements, is actionable under CUTPA. The standard for determining whether a particular act or practice violates CUTPA is well settled:
 (1) [W]hether the practice, without necessarily having been considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — Whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; 3) whether it causes substantial injury to
Jacobs v. Healey Ford-Subaru, Inc., 231 Conn. 707, 725 (1995); citing Conaway v. Prestia, 191 Conn. 492-3, quoting FTC v. SperryCT Page 3735 Hutchinson Co., 405 U.S. 233, 244-45 n. 5, 92 S.Ct. 898,31 L.Ed.2d 170
(1972); McLaughlin Ford, Inc. v. Ford Motor Co., 192 Conn. 558,567-68 (1984). This test has been dubbed "the cigarette rule." A-G Foods, Inc. v. Pepperidge Farm, Inc., 216 Conn. 200,216-17.
A violation of CUTPA may be established by showing either an actual deceptive practice or a practice amounting to a violation of public policy. Jacobs v. Healey Ford-Subaru, Inc., 231 Conn. 725-26. A plaintiff need not allege or prove intent to deceive or knowledge of falsity. Web Press Services Corporation v. New LondonMotors, 203 Conn. 342, 363; Cheshire Mortgage Service, Inc. v.Montes, 223 Conn. 80, 105-106 (1992); Normand Josef Enterprises,Inc. v. Connecticut National Bank, 230 Conn. 486, 522-23 (1994).
Clearly, violation of a regulatory statute was found inConaway to satisfy the first and second criteria of the "cigarette rule."
However, in the only case in which it has ruled on a CUTPA claim based on a defendant's alleged negligence, A-G Foods, Inc. v.Pepperidge Farm, Inc., 216 Conn. 200, 214-17 (1990), the Connecticut Supreme Court found that the trial court had erred in refusing to set aside a jury verdict as to the CUTPA claim. In that case, a finding of negligence in failing to supervise an employee was the basis for the CUTPA award. The Supreme Court found that the determination that the defendant had been negligent failed to satisfy the second test of the cigarette rule: that the practice is immoral, unethical, oppressive or unscrupulous. A-GFoods, Inc. v. Pepperidge Farm, Inc., 216 Conn. 216-17. The Court implicitly ruled that where the alleged unfair practice is negligence, the second criterion must be alleged and proven.
The plaintiffs have alleged no facts from which the trier of fact could conclude that the defendant's actions were not simply the product of a negligent failure to discover lead-based paint but were the result of an immoral, unethical, oppressive or unscrupulous choice to use it or to refuse to remedy it: The plaintiffs plead only that the lead-based paint was present, with no allegation to support any finding stronger than a finding of negligence.
In S.M.S. Textile Mills, Inc. v. Brown, Jacobson, Tillinghast,Lahan King, P.C., 32 Conn. App. 796-97, the Appellate Court upheld the granting of a motion to strike a CUTPA claim in which CT Page 3736 the plaintiff alleged professional negligence but did not allege that the acts of the plaintiff were immoral, unethical, unscrupulous or oppressive. See also Abbott v. Lakewood ManagementAssociates, CVNH89-063256, 1990 Conn. Super. LEXIS 377 (J.D. New Haven 5/7/90) (negligence does not constitute a violation of CUTPA).
The state of the appellate law appears to be that a CUTPA claim based on negligence, as opposed to a claim based on violation of a statute, must satisfy all three criteria for unfairness adopted in the "cigarette rule" and that facts supporting a finding as to each of those indicia of unfairness must be pleaded with specificity. The plaintiffs in the case before this court have failed to plead facts that would support a finding or inference that the defendant acted immorally, unethically, unscrupulously or oppressively.
The motion to strike the third count is therefore granted.
SINGLE TRANSACTION
Because this court has granted the motion to strike on the first ground asserted, it is not necessary to reach the defendant's second ground.
CONCLUSION
The defendant's motion to strike the third count of the complaint is granted.
Beverly J. Hodgson Judge of the Superior Court