[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is brought for the foreclosure of a mortgage CT Page 1431-KKK from the defendants Michael and Elizabeth Mainiero (the "defendants") to the plaintiff. The defendants have filed two special defenses and a two-count counterclaim. The plaintiff has moved to strike both special defenses and both counts of the counterclaim. The parties have agreed that the motion to strike should be granted with respect to the first special defense and the first count of the counterclaim and it is so ordered by the court. The motion to strike is contested with respect to the second special defense and the second count of the counterclaim.
The defendants allege in their second special defense that they entered into a mortgage modification review agreement with the plaintiff which led to a review by the plaintiff as to whether the defendants' mortgage could be modified. The defendants allege that they paid the plaintiff $310 in order to obtain the review and that they provided the plaintiff with detailed, personal financial information in connection with the review. The concluding paragraphs of the second defense allege that the plaintiff should be equitably estopped from foreclosure because it has failed to undertake the review and it continues to press for foreclosure despite accepting the fee from the plaintiffs and obtaining their personal financial information. The second count of the counterclaim incorporates all of the factual allegations of the second special defense and further alleges a violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq., based on the plaintiff's conduct in connection with the mortgage modification review agreement.
The function of a motion to strike is to test the legal sufficiency of a pleading. Practice Book § 152; Ferryman v.Groton, 212 Conn. 138, 142 (1989). The motion to strike admits all facts well pleaded; Cyr v. Brookfield, 153 Conn. 261, 263
(1965); and the allegations are to be given the same favorable construction as a trier of fact would be required to give in admitting evidence under them. Benson v. Housing Authority,145 Conn. 196, 199 (1958). Facts necessarily implied by the allegations in a complaint are sufficiently pleaded and need not be expressly alleged. Bouchard v. People's Bank, 219 Conn. 465,471 (1991).
The plaintiff contends that the second special defense is legally insufficient because its allegations do not show that the plaintiff "has no cause of action." There is no merit to the plaintiff's claim. CT Page 1431-LLL
Practice Book § 164 provides in part
 No facts may be provided under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that he has no cause of action, must be specially alleged.
In this action, plaintiff seeks to enforce its mortgage by foreclosing upon the mortgaged property, which is owned by the defendants. Foreclosure is an equitable proceeding. HartfordFederal Savings Loan Association v. Tucker, 196 Conn. 172,175 (1985). The second special defense contends that the plaintiff "should be equitably estopped from obtaining this foreclosure . . ." The allegations of this special defense are consistent with the allegations of the complaint in that they do not contest the existence of the note or mortgage or the fact that a default exists. The second special defense purports to show, however, that the plaintiff has no cause of action in that the plaintiff should be equitably estopped from enforcement of the mortgage because of its breach of the agreement to undertake a mortgage modification review. Clearly, the second special defense is legally sufficient.
The plaintiff contends that the second count of the counterclaim is legally insufficient in that it does not arise out of the same transaction as the plaintiff's complaint. Practice Book § 116 provides in part
 In any action for legal or equitable relief, any defendant may file counterclaims against any plaintiff . . . provided that each such counterclaim arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint . . .
The transaction test of Section 116 is designed to permit the joinder of closely related claims where such joinder is in the best interests of judicial economy. Wallingford v. Glen ValleyAssociates, Inc., 190 Conn. 158, 161 (1983).
As recently as last year, the Connecticut Supreme Court upheld the filing of a CUTPA counterclaim in an action seeking CT Page 1431-MMM judgment on certain promissory notes. The court found compliance with the Practice Book transaction test:
 Because this counterclaim paralleled his special defense, it was also correctly pleaded in this case rather than as a separate action for damages . . . these allegations of a CUTPA violation . . . were premised on the same course of conduct underlying [the defendant's] other special defenses and counts of his counterclaim and, therefore, are properly part of this case.
Connecticut National Bank v. Voog, 233 Conn. 352, 368 (1995).
Likewise in this case, the second count of the counterclaim rests on the very same facts which are alleged in the second special defense. Judicial economy therefore dictates that the counterclaim should be heard at the same time as the complaint and second special defense.
The motion to strike is denied with respect to the second special defense and the second count of the counterclaim.
VERTEFEUILLE, J.