[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above-captioned case comes before this court on the plaintiff's motion to strike the second count of the defendant's counterclaim, in which the defendant alleges a violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), General Statute § 42-110a et seq.
The sole ground set forth in the text of the motion to strike is the plaintiff s claim that the second count "fails to state a cause of action upon which relief can be granted in that it fails to allege that the relationship between the plaintiff and defendant is that of a vendor and consumer so as to bring the defendant's claim within the provisions of the Connecticut Unfair Trade Practices Act, Connecticut General Statutes Section 42-110a, et. seq."
At oral argument, the movant attempted to raise other grounds for striking the CUTPA claim. These grounds were not set forth in the motion to strike.
Practice Book § 154 requires that "[e]ach motion to strike raising any of the claims of legal insufficiency enumerated in [Section 152] shall separately set forth each such claim of insufficiency and shall distinctly specify the reason or reasons for each such claimed insufficiency."
In light of this rule, the court is limited to considering only the claimed insufficiency stated in the text of the motion as filed.
1. Standard
The function of a motion to strike is to test the legal sufficiency of a pleading. Practice Book § 152; Ferryman v.Groton, 212 Conn. 138, 142 (1989). A motion to strike admits all facts well pleaded; Cyr v. Brookfield, 153 Conn. 261, 263 (1965); and the allegations of the complaint are to be given the same favorable construction as a trier of fact would be required to give them in admitting evidence under them. Ferryman v. Groton,212 Conn. 138, 142; Benson v. Housing Authority, 145 Conn. 196,199 (1958). If any facts provable under the express and implied CT Page 5261-FFFFFFFFF allegations in the complaint support a cause of action, the complaint is not vulnerable to a motion to strike. Bohan v. Last,236 Conn. 670, 674 (1996). The complaint must be construed in the manner most favorable to sustaining its legal sufficiency.Sassone v. Lepore, 226 Conn. 773, 780 (1993); Michaud v. Wawruck,209 Conn. 407, 408 (1988).
The CUTPA Claim
In the second count of the counterclaim, to which the plaintiff's motion to strike is directed, the defendant alleges that between April 1990 and July 1995 it sold scrap metal to the plaintiff, that the plaintiff picked up the scrap metal as requested but failed to tender the payment for it either in whole or in part. The defendant additionally alleges that a sales representative of the plaintiff offered money to employees of the defendant "as an inducement to cause the defendant to do business with the plaintiff" (Count Two, para. 9), and that after the defendant refused to enter into a long term contract with the plaintiff, the plaintiff alleged the existence of a contract agreed to by a former employee of the defendant that the defendant did not know of and had not authorized. The defendant alleges that the plaintiff's acts were unfair or deceptive practices in the course of its trade or business and that they caused the defendant to suffer an ascertainable loss.
The plaintiff claims that the allegations summarized above do not state a cause of action because they do not allege an injury or loss to a consumer.
It has been held by the Connecticut Supreme Court that CUTPA is not limited to claims of unfair trade practices perpetrated by vendors against consumers but that it extends to unfair or deceptive actions between competitors or other persons in a business relationship.
In Larsen Chelsey Realty Company v. Larsen, 232 Conn. 480,492 (1995), the Supreme Court stated that "CUTPA, by its own terms, applies to a broad spectrum of commercial activity."
The Court ruled unequivocally that "the application of CUTPA does not depend upon a consumer relationship." Larsen ChelseyRealty Co. v. Larsen, 232 Conn. 496. See also McLaughlin Ford,Inc. v. Ford Motor Co., 192 Conn. 558, 566, 567 (1989). CT Page 5261-GGGGGGGGG
Accordingly, the sole ground raised in the motion to strike is not supported by case law interpreting the scope of CUTPA.
CONCLUSION
For the foregoing reasons, the motion to strike the second count of the counterclaim is denied.
Beverly J. Hodgson Judge of the Superior Court