[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs herein have appealed from an assessment of damages by the City of Milford resulting from the taking of a portion of property owned by them and located on Flax Mill Lane in the City of Milford. The purpose of the taking is for the construction of a pumping station incidental to the construction of a sewer line in the vicinity.
The property taken on Flax Mill Lane consists of some 23,172 square feet or .53195 acres. It is part of a larger parcel of land owned by the plaintiffs and acquired by them by way of warranty deed from Naidene M. Pabst and Dawn M. Groh executed and recorded in the Milford Land Records on July 31, 1984. The overall parcel consists of 1.14 acres and is described therein as CT Page 841 Parcel B.
The adjoining parcel of land was also acquired by the plaintiffs on the same date by way of warranty deed from one Dorothy Groh and is recorded in the Milford Land Records. This property is described therein as Parcel A.
It is the plaintiff's claim that not only are they entitled to whatever damages occurred relative to Parcel B but also that they are entitled to severance damages relating to Parcel A the adjoining parcel.
The Constitution of the State of Connecticut "provides that the property of no person shall be taken for public use without just compensation." Const. Conn. Art. 1 11. Under this provision, unless some property is taken, no compensation need be made. Bradley v. New York New Haven R. Co., 21 Conn. 294, 309;Campbell v. United States, 206 U.S. 368, 371, 45 Sup. Ct. 115. This restriction of a right of recovery to situations where land is taken inevitably produces inequalities and inequities; thus, the construction of a new highway on a portion of a tract of land of one person entitled him to recover damages suffered by reason of the depreciation in value of his remaining premises; whereas one owning land which abuts on the new highway but no part of which is taken can recover nothing, although he may suffer an even greater damage. As long as the legislature provides no rule for measuring damages other than that inherent in the constitutional provision, it would be a vain endeavor to seek one which would work justly to all parties affected." Andrews v. Cox,129 Conn. 475 (1942), 29 A.2d 587; Tamm v. Burns, 222 Conn. 280,610 A.2d 590.
The court in Benson v. Housing Authority, 145 Conn. 196, 200,140 A.2d 320, stated that: "The rule is firmly established in this state that where no land is physically taken or no interest in it which the law recognizes is extinguished or affected in a manner detrimental to the owner, the prohibition contained in article first, 11, of our constitution against the taking of property for public use without just compensation does not apply." (Internal citations omitted).
"The rationale of the rule is that, under such circumstances, any loss which a landowner may sustain is part of the price paid for the social compact of organized society, because the public has reserved to it certain claimed right over all property." CT Page 842Benson v. Housing Authority, supra, 201 (internal citations omitted).
The rule appears to be firmly established in the State of Connecticut that since Parcel A is a separate and distinct piece of land, the owner thereof, in this instance the plaintiffs, cannot recover even though there may be some impact on the same since there has been no taking of any portion of Parcel A. As late as 1992 in the case of Tamm v. Burns, 222 Conn. 280 (1992),610 A.2d 590, the court reiterated the rule established inAndrews v. Cox, supra. Parcel A and Parcel B, while they were acquired on the same date, namely, July 31, 1984, they were nevertheless purchased as two separate and distinct parcels having been acquired from different grantors. (See Exhibits C and D.) While the properties are presently owned by the same parties, the plaintiffs, they are distinct and separate entities and there is no evidence before the court indicating an effort to legally join them as one entity. While the subject property is contiguous to Parcel A, the plaintiffs' residence, and Parcel A may have been used by them in their everyday enjoyment of life, the parcels are nevertheless separate and distinct. Thus, there can be no recovery for any consequential damages alleged to have affected said Parcel A.
As to Parcel B, the plaintiffs have not only suffered damages for the property actually taken but also for the severance damages to the remainder of Parcel B. "When, as in the present case, only part of a tract of land is taken for the public use `just compensation' includes recovery for the part taken and recovery for any damages visited upon the remainder which result from the taking. In such a situation damages are measured by determining the difference between the market value of the whole tract as it lay prior to the taking and the market value of what remained thereafter." Bowen v. Ives, 171 Conn. 231, 236. (Internal citations omitted.) "We have said that just compensation means a fair equivalent in money for the property taken as nearly as its nature will permit; Waterbury v. PlattBros. Co., 76 Conn. 435, 440; 56 A. 856; New Haven Water Co.v. Russell, supra, 368; and that market value is ordinarily the measure of compensation, although this is not necessarily so.State v. Suffield and Thompsonville Bridge Co., 82 Conn. 460,467, 74 A. 775. . . . In United States v. Nahaut, 153 F. 520, 82 C.C.A. 470 . . . the court pointed out (p. 521) that the question was to be decided upon equitable principles. . . . `The paramount law intends that the owner shall be put in as good CT Page 843 condition pecuniarily by a just compensation as he would have been if the property had not been taken. . . . The question of just compensation contemplated by the constitution is more an equitable question than a strictly legal or technical one;' and it also said (p. 524): `The primary question of course is just compensation, and this means full equivalent for the property taken.'" Winchester v. Cox, 129 Conn. 106, 114.
"In a condemnation case, the referee is more than a trier of facts or an arbiter of differing opinions of witnesses. `He is charged by the General Statutes and the decisions of this court with the duty of making an independent determination of value and fair compensation in the light of all the circumstances, the evidence, his general knowledge, and his viewing of the premises.'" Bowen v. Ives, supra, 239; Birnbaum v. Ives,163 Conn. 12, 21.
In the present instance the taking which occurred on April 30, 1996 was for a portion of Parcel B amounting to some 23,172 square feet or .53195 acres. Overall, Parcel B consisted of some 1.14+ acres. The taking was in fee simple and for the purpose of constructing thereon a pumping station ancillary to the installation of sanitary sewers in the area. The property was zoned RA1 residential. The statement of compensation was for the sum of $38,200. It is from this that the plaintiffs have taken their appeal.
The defendant's appraiser concludes that, due to its location and the presence of wetlands, the highest and best use of the property is as vacant land or its proposed use as a ;pumping station in conjunction with the sewer installation. Based on the assumption that a major portion of the subject parcel lies in wetlands and is therefore non-buildable finds the value of the property taken to be $1.65 per square foot or $38,200.
The plaintiffs' appraiser, however, finds the highest and best use to be as a residential building lot and that the same could be developed as such despite the presence of wetlands. He finds the before taking value to be $92,000. The after taking value he finds to be $5,000 with fair and just damages amounting to $87,000. The rationale for this conclusion is that the frontage that remained on Flax Mill Lane was only 38 feet, making the remainder of Parcel B almost landlocked and that it was not usable as a building lot in the one acre zone in which it was located. On that basis, he placed an after taking value of Parcel CT Page 844 B of $5,000.
The court finds the evidence of the plaintiffs' appraiser to be more convincing, thus it finds the before taking value to be $92,000 and the after taking value to be $5,000, causing the plaintiffs to suffer damages for the taking in the amount of $87,000. Judgment may enter in accordance with the above.
Curran, J.