[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MARCH 24, 1997
The defendant filed a motion to strike the fifth and eighth counts of the plaintiff's complaint on the ground that the minor plaintiffs' claims for loss of parental consortium are legally insufficient. The defendant asserts that Connecticut does not recognize such claims.
The court recognizes that there is a split of authority among the Connecticut trial courts with regard to the existence of a cause of action for loss of parental consortium. This court agrees with those well-reasoned decisions that favor recognition of such a cause of action. This court notes that neighboring states such as Vermont and Massachusetts as well as more distant states have recognized a right of recovery for loss of parental CT Page 2627 consortium. See Ferriter v. Daniel O'Connell's Sons, Inc.,413 N.E.2d 690 (Mass. 1980); Hay v. Medical Center Hospital,496 A.2d 939, (Vt. 1985).
This court agrees that "it has always been the duty of the courts to adapt the common law to fit present circumstances."Kizina v. Minier, Superior Court, Judicial District of Waterbury, Docket #099375, 5 CONN. L. RPTR. 481 (January 24, 1992) (Santos, J., 7 CSCR 339). Present circumstances show us that children are among the most vulnerable and least protected of our citizens.
While an award of money damages will certainly not replace what they lose in terms of a parent's love, guidance, and companionship, it will assist them in getting professional services, or training or educational experience to more effectively deal with their loss. Kizina, supra. Their ability to do so not only benefits them but society as a whole.
This court notes that in Clohessy v. Bachelor, 237 Conn. 31
(1996) the Supreme Court considered "that a bystander may recover damages for emotional distress under the rule of reasonable foreseeability, if the bystander, . . . (inter alia) is closely related to the injury victim." Id. 56. What the court recognized in Clohessy is the unique nature of the parent child relationship.
This court has reviewed the many Superior Court decisions on the issue of loss of parental consortium. The court is persuaded that a claim for parental consortium is a logical extension of the reassuring of the Supreme Court in Hopson v. St. Mary'sHospital, 176 Conn. 485 (1979).
This court is particularly persuaded by the reasoning of the court in Kizina, supra, and in Shabazz v. Price, Superior Court, Judicial District of New Haven, Docket #353763, 11 CONN. L. RPTR. 331 (April 22, 1994) (Hodgson, J.), and adopts the reasoning of these cases as its own.
Accordingly, the motion to strike is denied.
LEHENY, J. CT Page 2628