[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MAY 7, 1997
On March 28, 1995, Patricia Adair, as conservator of the estate and person of William Adair and in her individual capacity, William O. Adair ppa Patricia Adair and Michael J. Adair ppa Patricia Adair, the plaintiffs, filed an eight-count complaint seeking to recover damages, suffered by William Adair, from the New Haven Medical Group, Inc. (NHMG), James Slater, M.D., William Hale, M.D. (the NHMG defendants) and Norwalk Radiology Consultants, PC. (NRC) and James Bauman, M.D. (the NRC CT Page 5073 defendants). William Adair is Patricia Adair's husband and the father of William O. and Michael. Counts one through six allege that the defendants were negligent in conducting their respective duties. The seventh count incorporates counts one through five, and it alleges that William O. Adair "has been deprived of the services, companionship and society of said father, all to his damage." (Count 7, ¶ 35.) The eighth count incorporates counts one through five, and it alleges that Michael J. Adair "has been deprived of the services. companionship and society of said father, all to his damage." (Count 8, ¶ 35.)
On April 6, 1995, the NHMG defendants filed a motion to strike counts seven and eight of the complaint accompanied by a memorandum in support. On May 12, 1995, the NRC defendants filed a motion to strike counts seven and eight of the complaint accompanied by a memorandum of law. On May 24, 1995, Adair filed a memorandum in opposition.
Both the NHMG defendants and the NRC defendants move to strike counts seven and eight on the ground that Connecticut does not recognize a cause of action for parental consortium.
This court recognized such a cause of action in Condron v.Pollack, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 128731, 10 CONN. L. RPTR. 411 (November 18, 1993) (Dean J.)[1] In Condron v. Pollack, supra, this court adopted the reasoning in Sliney v. Denisanko, Superior Court, judicial district of New Haven, Docket No. 334928, 9 CONN. L. RPTR. 537 (August 6, 1993) (Gordon, J.) which noted the constitutionally recognized interest of a parent in his child and determined that "[i]t is difficult to rationalize why rights protected by the legal contract of marriage should give rise to a [spousal] consortium claim while rights (parental) that are constitutional should not." Id. The reasoning in Sliney would be equally applicable to a claim of loss of parental consortium and that to recognize a claim for filial consortium but not to recognize a claim for loss of parental consortium would be inconsistent with this court's holding in Condron. "The movement of the law is clearly in the direction of recognition of a child's loss of consortium resulting from a parent's injury, and this court's recognition of the cause of action is consistent with the principle articulated in [Hopson v. St. Mary's Hospital,176 Conn. 485, 408 A.2d 260 (1979)]." Beckwith v. Akus, Superior Court, judicial district of New London, Docket No. 524967, (March 16, 1993) (Hurley, J., 8 CONN. L. RPTR. 487, 8 CSCR 364). CT Page 5074
For the reasons given above, the defendants' motions to strike are denied.
DEAN, J.