[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision
The present case involves, inter alia, a child's claim for the loss of his parent's consortium. On April 8, 1997, the plaintiffs, Daniel and Jacqueline Hughes filed an amended complaint against U-Haul Company, (U-Haul), Harry G. Rearden and Wilma Rearden, the defendants. In the first count the plaintiffs allege that Harry Rearden, while driving a truck owned by U-Haul, negligently and in violation of General Statutes §§ 14-281(a) and 14-236, struck the rear of the Hughes' vehicle, which was parked in the breakdown lane of Route I-95, causing severe injury to Daniel Hughes, who was under the vehicle inspecting a mechanical failure. The first count further alleges that the truck was leased to Wilma Rearden by U-Haul and that U-Haul is liable for any damages caused to Daniel Hughes pursuant to General Statutes § 14-154a.
The second count incorporates the first count and purports to CT Page 7648 state a claim for loss of spousal consortium for Jacqueline Hughes as against all the defendants. The third count incorporates the first count and purports to state a claim for loss of parental consortium for Jeffrey Hughes, ppa Jacqueline Hughes, as against all the defendants. The fourth count incorporates the first count and purports to state a cause of action for bystander emotional distress for Jeffrey Hughes, ppa Jacqueline Hughes, as against all the defendants.
On April 8, 1997, the defendants filed a motion to strike the third count of the amended complaint accompanied by a memorandum of law. On May 21, 1997, the plaintiffs filed a memorandum in opposition to the motion to strike.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825, 676 A.2d 357
(1996). A motion to strike is the proper vehicle to contest whether Connecticut recognizes a cause of action. Amodio v.Cunningham, 182 Conn. 80, 438 A.2d 6 (1980).
The defendants move to strike the third count on the ground that Connecticut does not recognize a cause of action for parental consortium.
In Connecticut, the issue of whether an action for loss of parental consortium lies has not been directly addressed by either of our appellate courts. In Hopson v. St. Mary's Hospital,176 Conn. 485, 408 A.2d 260 (1979), the Supreme Court recognized a cause of action for loss of spousal consortium. The court noted that the term `consortium' is usually defined as encompassing the services of the wife, the financial support of the husband, and the variety of intangible relations which exist between spouses living together in marriage. . . . These intangibles [are] protected rights arising out of the civil contract of marriage." (Citations omitted.) Id., 487. Furthermore, the Appellate Court has emphasized that [t]he right to consortium is said to arise out of the civil contract of marriage and as such, does not extend to the parent-child relationship. " Mahoney v. Lensink,17 Conn. App. 130, 141, 550 A.2d 1088 (1988), rev'd. on other grounds, 213 Conn. 548, 569 A.2d 518 (1990). CT Page 7649
A claim for loss of parental consortium is distinct from a claim for loss of spousal consortium, the basis of which arises out of the conjugal relationships of the marriage contract. Such a contractual basis does not exist in the claim for a loss of parental consortium. This conclusion is consistent with the narrow guidance provided by the Supreme and Appellate courts in both Hopson and Mahoney, supra. Accordingly, the court finds that the plaintiff has failed to state a cause of action and as such the defendants' motion to strike is granted.
Comerford, J.