[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#101)
The plaintiff, Hobbs Group, Inc., commenced this action to recover damages based on an alleged invasion of its right of privacy. The plaintiff alleges that the defendant's conduct in surreptitiously tape recording a conversation between himself and another Hobbs Group employee, Richard N. White, constituted an unreasonable intrusion upon the plaintiff's seclusion. On May 5, 1997, the defendant, John Baldwin, filed a motion to dismiss (#101) for lack of subject matter jurisdiction. The defendant essentially argue that the plaintiff lacks standing to maintain a claim for invasion of privacy.
"Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless [one] has, in an individual or representative capacity, some real interest in the cause of action. . . . If a party is found to lack standing, the court is without subject matter jurisdiction to determine the cause." (Citation omitted; internal quotation marks omitted.) Tomlinson v. Board ofEducation, 226 Conn. 704, 717, 629 A.2d 333 (1993).
The plaintiff, as a corporation, does not enjoy a right of CT Page 7647 privacy. L. Cohen Co. v. Dun Bradstreet, Inc., 629 F. Sup. 1429
-30 (D.Conn. 1986); B.V. Brooks v. New Mass. Media, Inc., Superior Court, judicial district of Danbury at Danbury, Docket No. 296736 (April 5, 1993, Leheny, J.). See also 3 Restatement (Second), Torts § 652I, comment c (1977) ("A corporation . . . has no personal right of privacy."). "Neither may [a corporation] assert the privacy rights of its employees under well-settled principles governing standing." CNA Financial Corp. v. Local 743,515 F. Sup. 942, 947 (N.D.Ill. 1981). Because a corporation has no personal right of privacy and may not assert the privacy rights of its employees, the defendant's motion to dismiss for lack of subject matter jurisdiction is granted.
KARAZIN, J.