[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTIONS TO STRIKE BACKGROUND
On September 16, 1997, the plaintiffs, Paul Watson, Sr., Danielle Watson, and their children, Bri-Anna and Paul, Jr., filed an eight count complaint against the defendants, The Urology Center and Yale School of Medicine. This medical malpractice action arises out of injuries allegedly incurred by plaintiff Paul Watson, Sr., during surgical treatment for testicular cancer. The plaintiffs allege claims of negligence and malpractice. (Count One, Count Two.) Danielle Watson further alleges loss of spousal consortium. (Count Three, Count Four.) In counts five through eight, the children Bri-Anna and Paul Jr., allege loss of parental consortium.
On February 26, 1998, the defendant, Yale University School of Medicine, filed a motion to strike counts six and eight of the plaintiffs' complaint. On March 26, 1998, the defendant, The Urology Center, filed a motion to strike counts five and seven of CT Page 8281 the plaintiffs' complaint. These motions were accompanied by supporting memoranda. Both defendants move to strike the respective counts of plaintiffs' complaint on the ground that Connecticut does not recognize a cause of action for loss of "filial" consortium. The plaintiffs filed a memorandum in opposition on April 8, 1998.
 LEGAL DISCUSSION
In each of their memoranda in support, the defendants argue that Connecticut does not recognize an action for loss of filial consortium and cite Mahoney v. Lensink,17 Conn. App. 130, 550 A.2d 1088 (1988), rev'd on other grounds,213 Conn. 548, 569 A.2d 518 (1990); Taylor v. Keefe,134 Conn. 156, 56 A.2d 768 (1947); and Hopson v. St. Mary'sHospital, 176 Conn. 485, 408 A.2d 260 (1979) as authority. In addition, the defendants cite to several Superior Court decisions which rely on these cases to conclude that there is no cause of action arising out of the parent-child relationship. The plaintiffs argue that the Superior Court decisions recognizing parental/filial consortium claims better advance the state's expressed public policy of strengthening the family and protecting children from injury and neglect.
This court has previously recognized a child's claim for loss of parental consortium in Cherry v. ABF FreightSystems. Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 354865 (June 29, 1994, Hartmere, J.). In Cherry, the court decided to "follow the well reasoned rationales of those courts which . . . [had] recognized a child's action for loss of consortium" on the basis that the "time . . . [had] come for the courts to take action in support of the important public policies of protecting children and strengthening the family." Cherry v. ABF Freight Systems.,Inc., supra, Superior Court, Docket No. 354865.
There are no Connecticut appellate cases that directly address the issue of whether a claim for loss of parental consortium is a valid cause of action.[1] Taylor v.Keefe addressed the issue of alienation of affection, but did not examine the validity of a parental consortium claim. The ruling in Taylor is restricted to the court's refusal to recognize a child's cause of action against a person who "by his acts, blandishments and seductions alienated [the mother's] love and affection [for her minor son] and destroyed the happiness of CT Page 8282 the plaintiff's home." Taylor v. Keefe, supra,134 Conn. 157. Thus, the parent in Taylor did not suffer any physical injury.
Superior Court decisions rejecting the consortium claims based on the parent-child relationship includeGrant v.Waterbury Hospital, Superior Court, judicial district of Waterbury, Docket No. 127010 (November 4, 1997, Pellegrino, J.);Hughes v. U-Haul Company, Superior Court, judicial district of New Haven at New Haven, Docket No. 396921 (July 17, 1997, Comerford, J.) (20 Conn. L. Rptr. 109); Glander v.Licht, Superior Court, judicial district of Danbury, Docket No. 322773 (March 18, 1997, Moraghan, J.); Simmons v.Norwalk Hospital, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 153510 (February 5, 1997, Lewis, J.); Auger v. Baddeley, Superior Court, judicial district of Tolland, Docket No. 660334 (January 13, 1997, Rittenband, J.) (18 Conn. L. Rptr. 483).
Conversely, a growing number of cases recognize loss of consortium claims by a child based on injuries to the parent.Adair v. New Canaan Medical Group. Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 144524 (May 7, 1997, Dean, J.) (19 Conn. L. Rptr. 449);Bouchette v. Mercedes Benz, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 150339 (February 6, 1997, Ryan, J.); Reed v. Norwalk Hospital, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 146525 (August 27, 1996, Stevens, J.) (17 Conn. L. Rptr. 487); Brown v. Stavrakis, Superior Court, judicial district of Waterbury, Docket No. 130892 (April 25, 1996, Fasano, J.) (16 Conn. L. Rptr. 562); Ammerman v.Johnson, Superior Court, judicial district of Waterbury, Docket No. 121129 (October 24, 1995, Vertefeuille, J.) (15 Conn. L. Rptr. 299).
Similar to the split of authority on the issue of parental consortium, some trial judges recognize a parent's claim for loss of filial consortium while others do not. The rationales for accepting or rejecting claims for filial consortium closely parallel those outlined for loss of parental consortium. Several decisions do not recognize a cause of action for loss of filial consortium. St. Amand v. Kromish, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 051663 (November 6, 1997, Flynn, J.) (20 Conn. L. Rtpr. 556); CT Page 8283Ligi v. Poveromo, Superior Court, judicial district of Danbury, Docket No. 324465 (July 1, 1997, Stodolink, J.);Reed v. Austin, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 152345 (April 30, 1997, Lewis, J.). Several other decisions, however, support recognition of a cause of action for loss of filial consortium. DeVallev. Goggins, Superior Court, judicial district of Waterbury, Docket No. 128043 (October 11, 1996, Peck, J.); Davis v.Davis, Superior Court, judicial district of Middlesex at Middletown, Docket No. 77180 (March 15, 1996, Stanley, J.);Condon v. Guardini, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 525217 (July 6, 1995, Corradino, J.) (16 Conn. L. Rptr. 466).
The majority of Superior Court decisions hold that the strong language in Mahoney and the absence of legislative or appellate authority indicate that Connecticut does not recognize a cause of action for loss of consortium arising out of the parent-child relationship. These decisions emphasize the language in Mahoney which states, "[t]he right to consortium is said to rise out of the civil contract of marriage and as such, does not extend to the parent-child relationship." Hughesv. U-haul Company, supra, 20 Conn. L. Rptr. 110;Glander v. Licht, supra, Superior Court, Docket NO. 322773; Simmons v. Norwalk Hospital, supra, Superior Court, Docket No. 153510; Auger v. Baddeley, supra,18 Conn. L. Rptr. 484.
Nevertheless a growing number of Superior Court cases have allowed such claims on the ground that the discussion inMahoney was dicta as indicated by the Supreme Court's acknowledgment that no appellate court had expressly addressed the issue. Bouchette v. Mercedes Benz, supra, Superior Court, Docket No. 150339; Reed v. Norwalk Hospital, supra, 17 Conn. L. Rptr. 486; Shabazz v. Price, Superior Court, judicial district of New Haven at New Haven, Docket No. 353763 (April 22, 1994, Hodgson, J.).
Other Superior Court decisions raise strong arguments in favor of extending the rationale of Hopson to cover parental/filial consortium claims. "[Ilt is difficult to rationalize why rights protected by the legal contract of marriage should give rise to a [spousal] consortium claim while rights (parental) that are constitutional should not."Adairv. New Canaan Medical Group. Inc., supra, 19 Conn. L. Rptr. CT Page 8284 449. "[T]he reasoning and analysis which led our Supreme Court to recognize a cause of action for loss of marital consortium in Hopson should be logically extended to the analogous claim for loss of parental consortium." Brown v. Stavrakis, supra, 16 Conn. L. Rptr. 562. "Although characteristics such as no longer be dismissed by emphasizing the husband's quasi-proprietary interest in his wife's services . . . the law cannot now reject parental consortium claims by viewing a child `merely another servant in a household of paterfamilias'. " Reed v.Norwalk Hospital, supra, 17 Conn. L. Rptr. 486.
Several cases offer strong policy rationales in support of the position that claims for parental consortium are cognizable. "Arguably, the need for the love and companionship of one's spouse pales in comparison to the developmental needs of a child for a parent, as do the respective benefits to society."Brown v. Stavrakis, supra, 16 Conn. L. Rptr. 562. "Modern conditions require recognition of the importance of the parent-child relationship; parental involvement and support is significant to a child' s emotional and cognitive development, and a loss of this support can severely impact this development. The necessity and benefits of parental consortium to both the child and society cannot seriously be questioned." Reed vNorwalk Hospital, supra, 17 Conn. L. Rptr. 488. "While an award of money damages will certainly not replace what they lose in terms of a parent's love, guidance, and companionship, it will assist them in getting professional services, or training or educational experience to more effectively deal with their loss."Jacobs v. G.E. Company, supra, 19 Conn. L. Rptr. 330.
Many cases advocating recognition of parental/filial consortium claims emphasize that social policies have evolved and the time has come for the Connecticut courts to recognize these types of claims. "Given the increased recognition of the benefits of parental care and management both to the child and to society, there remains no legitimate basis for the acceptance of loss of marital consortium as a cause of action and the rejection of the loss of parental consortium." Bouchette v. MercedesBenz, supra, Superior Court, Docket No. 150339. "The movement of the law is clearly in the direction of recognition of a child's loss of consortium resulting from a parent's injury. . . ." Adair v. New Canaan Medical Group.Inc., supra, 19 Conn. L. Rptr. 449. "[Ilt has always been the duty of the courts to adapt the common law to fit present circumstances. . . . Present circumstances show us that children CT Page 8285 are among the most vulnerable and least protected of our citizens." Jacobs v. G.E. Company, supra, 19 Conn. L. Rtpr. 330.
Although no appellate court in Connecticut has explicitly decided that there is an action for loss of parental or filial consortium, see Mahoney v. Lensink, supra,17 Conn. App. 141 n. 7, and although there is a division in authority amongst Superior Court decisions, the better-reasoned opinions favor recognition of a child's right to recover. Accordingly, the defendants' motions to strike counts five through eight of the complaint will be denied.
 CONCLUSION
Based on the foregoing, the Defendants' Motions to Strike (# # 120, 122) are denied.
So ordered.
Michael Hartmere Judge of the Superior Court