[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #105
The plaintiffs, Alisande Eng, administratrix of the estate of Caryn Eng, Jennifer Eng, PPA Alisande Eng and Emmalee Eng, PPA Alisande Eng, bring this action against the defendant, George Sheehy, as a result of an automobile accident in which Caryn Eng lost her life. The complaint CT Page 3132-dw alleges that Caryn Eng was struck and killed by the defendant while she was filling her car's gas tank on the side of the road. Caryn's sisters, Jennifer and Emmalee Eng, were present inside the car at the time of the accident and witnessed their sister's death. The complaint further alleges that the defendant had been drinking alcohol and driving his automobile in a reckless fashion at the time of the collision.
The plaintiffs filed an application for a prejudgment remedy which the court, Melville, J., granted in the amount of $4,000,000. The plaintiffs then served on the defendant a writ summons and complaint containing six counts. In the first and second counts the administratrix of the estate of Caryn Eng asserts causes of action for wrongful death and recklessness, respectively. In the third count and fifth count, the plaintiffs Jennifer Eng and Emmalee Eng assert causes of action for bystander emotional distress, respectively. In the fourth count and sixth count each asserts a cause of action for reckless infliction of bystander emotional distress pursuant to General Statutes 14-295, and seek double and treble damages.[1]
The defendant filed a motion to strike the fourth and sixth counts of the plaintiffs' complaint which is the matter presently before this court.
A motion to strike challenges the legal sufficiency of a pleading and requires no factual findings by the trial court. The court must, therefore, take the facts to be those alleged in the complaint and construe the complaint in the matter most favorable to sustaining its legal sufficiency. Eskin v. Castiglia, 253 Conn. 516, 522-23, 753 A.2d 927.
Connecticut recognizes a cause of action for bystander emotional distress when the following conditions are met:
 (1) the bystander must be closely related to the injury victim; (2) the bystander's emotional injury must be caused by the contemporaneous sensory perception of the event or conduct that causes the injury; (3) the injury to the victim must be substantial, resulting in either death or serious physical injury; and (4) the bystander must have sustained a serious emotional injury, "a reaction beyond that which would be anticipated in a disinterested witness and which is not an abnormal response to the circumstance." Clohessy v. Bachelor, 237 Conn. 31, 54, 675 A.2d 852 (1996).
In the present case, the complaint contains the necessary allegations CT Page 3132-dx for a bystander emotional distress claims for the sisters of the decedent, who were in the decedent's automobile when she was struck.
In counts four and six, the plaintiffs allege that they are entitled to double and treble damages for bystander emotional distress pursuant to General Statutes § 14-295.[2] Section 14-295 provides for such damages for "personal injury" when a plaintiff alleges and proves a violation of certain motor vehicle statutes, as the plaintiffs have done in the present case. The defendant argues that the use of the term "personal injury" in General Statutes § 14-295 does not encompass derivative claims such as loss of consortium and bystander emotional distress. In response, the plaintiffs argue that bystander emotional distress, unlike a purely derivative claim of loss of consortium, involves an actual injury to the claimant with which claim this court agrees. See Fn. 4.
In the absence of ambiguity, statutory language should be given its plain and ordinary meaning. Pintavalle v. Valkanos, 216 Conn. 412,416-17, 581 A.2d 1050 (1990). A personal injury is defined as an injury affecting one's physical and mental person as contrasted with one causing damage to one's property. Numerous jurisdictions have held that emotional distress or mental anguish is a type of personal injury. Kilduff v.Adams, Inc., 219 Conn. 314, 337, 593 A.2d 478 (1991) (holding that emotional distress is considered a "personal injury" for the purposes of General Statutes § 52-174). Furthermore, it has been held that "personal injury" includes emotional distress for the purposes of General Statutes § 52-190a. Oliver v. Blue Cross Blue Shield, Superior Court, judicial district of Litchfield, Docket No. 055630 (June 4, 1992,Pickett, J.) (7 C.S.C.R. 850)[3]
The defendant argues that bystander emotional distress is a derivative claim, such as loss of consortium. The defendant further argues that the judges of the Superior Court have held that a loss of consortium claim is not actionable under General Statutes § 14-295. A closer look at these decisions, however, reveals a split among the judges of the Superior Court on this issue. See Beal v. Cholewa, Superior Court, judicial district of New London at New London, Docket No. 535842 (November 8, 1995, Hurley, J.) (holding that a loss of consortium claim is not actionable under General Statutes § 14-295); McGuire v.Ferguson, Superior Court, judicial district of Litchfield, Docket No. 068021 (July 31, 1995, Pickett, J.) (14 Conn. L. Rptr. 624) (same); but see Giampietro v. McGinley, Superior Court, judicial district of New Haven, Docket No. 403111 (June 23, 1998, Moran, J.) (holding that a loss of consortium claim is actionable under General Statutes § 14-295, CT Page 3132-dy based on the holding of Izzo v. Colonial Penn Ins. Co., 203 Conn. 305,313, 524 A.2d 641 (1987) that loss of consortium is a "personal injury"); Ammerman v. Johnson, Superior Court, judicial district of Waterbury, Docket No. 121129 (October 24, 1995, Vertefeuille, J.) (15 Conn. L. Rptr. 299) (same). The latter cases, allowing a derivative claim such as loss of consortium, are more persuasive than the former.[4]
Consequently, the plain meaning of the language "personal injury," coupled with a general trend in the courts to include emotional injuries within the meaning of "personal injury" in other contexts, supports the conclusion that bystander emotional distress constitutes "personal injury" for the purposes of General Statutes § 14-295. Accordingly, the defendant's motion to strike the fourth and sixth counts of the plaintiffs' complaint is hereby denied.
MELVILLE, J.