[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
HISTORY OF CASE
The plaintiff, Elaine Lyons, instituted this action in eleven (11) counts, naming the Jewish Federation of Greater Danbury, Inc.; Lauren Bernard, executive director of the Federation; and William Goodman, president of the Federation, as defendants.
The initial complaint alleged causes of action for wrongful termination, breach of contract and breach of the implied covenant of good faith and fair dealing against the defendant Federation.
Counts of defamation were proffered against the defendants Bernard and Goodman, as well as against the Federation, based upon allegedly defamatory statements made by Bernard and Goodman.
Previous to the bringing of this motion to strike, the defendant Bernard moved to dismiss the action against her, claiming that the court lacked personal jurisdiction over her. The court (Moraghan, J.) granted her motion on December 18, 1996.
The defendant, Jewish Federation of Greater Danbury, Inc., CT Page 4506 now moves to strike the third count of the plaintiff's amended complaint dated August 21, 1996. Count three alleges a breach by the defendant Federation of its obligation of good faith.
FACTS OF CASE
The plaintiff was a secretary, employed by the defendant, Jewish Federation of Greater Danbury, Inc., beginning in 1985. She had no written contract of employment.
The complaint also states that the plaintiff was responsible for performing the functions of office manager and bookkeeper, as well as editing the Federation's newspaper, and performing other clerical duties.
It is claimed that in 1995, the defendant Federation, acting through its executive director and president, created a hostile work environment, and disparaged the plaintiff's performance of her duties and responsibilities.
Plaintiff alleges that the defendant Federation sought a six thousand ($6000) dollar reduction in her salary, and that this conduct violated § 31-73 (b) of the Connecticut General Statutes.
Count three alleges that the defendant Federation breached the covenant of good faith by its actions, thus damaging the plaintiff.
The defendant Federation moves to strike the third count, arguing that the plaintiff has not alleged facts sufficient, as a matter of law, to support a claim for breach of the implied covenant of good faith and fair dealing.
The defendant also seeks to strike the plaintiff's claims for attorney's fees and punitive damages, as they relate to the third count.
A motion to strike tests the legal sufficiency of a pleading, and admits all well pleaded facts. Cyr v. Brookfield,153 Conn. 261, 263 (1965); Ferryman v. Groton, 212 Conn. 138, 142 (1989). In ruling on a motion to strike, the court must construe the facts in a complaint most favorably to the nonmoving party, in this case, the plaintiff. Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170 (1988). CT Page 4507
PUBLIC POLICY CLAIM
Although the good faith and fair dealing principle is applicable to employment contracts, where the employment relationship is clearly terminable at will, a party cannot ordinarily be deemed to lack good faith in exercising its contractual rights. Magnan v. Anaconda Industries, Inc.,193 Conn. 558, 573 (1984).
Here, the plaintiff was an employee at will, without a written contract of employment or a collective bargaining agreement.
Both parties acknowledge the traditional rule in Connecticut to the effect that at will employment contracts are terminable at the will of either party, without regard to cause. Coelho v.Posi-Seal International, Inc., 208 Conn. 106, 117-118 (1988). The plaintiff does not claim that any employment manual or other writing gives rise to an express contract between the parties, thus raising a question of fact. Finley v. Aetna Life CasualtyCo., 202 Conn. 190, 199 (1987).
The plaintiff contends that this case is governed by the narrow public policy exception to the general rule concerning the termination of at will employment relationships. This exception permits a former employee to maintain a cause of action if he can demonstrate an improper reason for his dismissal, derived from some important violation of a public policy. Sheets v. Teddy'sFrosted Foods. Inc., 179 Conn. 471, 477 (1980); Carbone v.Atlantic Richfield Co., 204 Conn. 460, 466-67 (1987).
The defendant points to the Appellate Court decision inLockwood v. Professional Wheelchair Transportation,37 Conn. App. 85 (1995), which held that § 31-73 of the Connecticut General Statutes represents a clear public policy prohibiting an employer from discharging an employee, for that employee's refusal to refund a portion of his wages. Lockwood, supra, 90.
She argues that the claim in paragraph 24 of her complaint, that the defendant Federation demanded that she accept a six thousand ($6000) dollar cut in pay violated § 31-73, and is therefore within the public policy exception first outlined inSheets. CT Page 4508
A reading of the statute demonstrates that the plaintiff's argument is not well taken.
Section 31-73 (b) provides, in part, as follows:
 No employer . . . shall, directly or indirectly, demand, request, receive or exact any refund of wages, fee, sum of money or contribution from any person or deduct any part of the wages agreed to be paid, upon the representation or the understanding that such refund of wages, fee, sum of money, contribution or deduction is necessary to secure employment, or continue in employment.
Section 31-73 (a) defines "refund of wages" to mean:
 (1) The return by an employee to his employer or to any agent of his employer of any sum of money actually paid or owed to the employee in return for services performed or (2) payment by the employer or his agent to an employee of wages at a rate less than that agreed to by the employee or by any authorized person or organization legally acting on his behalf.
There has been no violation of § 31-73 based upon the facts alleged in the plaintiff's complaint.
The defendant Federation did not refuse to pay to the plaintiff, wages previously earned, or withhold payment for services rendered. Nor was she compelled to return to her employer, wages previously paid, as a condition of continued employment. An employer violates § 31-73 when it demands any sum of money from an individual to secure employment, or to continue in employment. Lockwood, supra, 91. No such allegation is contained in the plaintiff's complaint.
Because the plaintiff's complaint fails to allege a violation of public policy, which would enable the plaintiff to claim an exception to the employment at will rule, the defendant Federation's motion to strike count three is granted.
The plaintiff's demand for attorney's fees and punitive damages, to the extent that the prayer for relief is dependent upon the allegation contained in the third count, are also stricken. Punitive damages may only be awarded for outrageous conduct; acts done with a bad motive or with reckless indifference to the interests of others. L.F. Pace Sons. Inc.CT Page 4509v. Travelers Indemnity Co., 9 Conn. App. 30, 48 (1986). Furthermore, absent contractual or statutory authority, each party is responsible for his own attorney's fees. Triangle SheetMetal Works, Inc. v. Silver, 154 Conn. 116, 127 (1966).
The motion to strike is granted.
Any claim for punitive damages or attorney's fees, to the extent dependent upon count three, is also stricken.
Radcliffe, J.