[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Inez Flye, brings this action against the defendant, American Medical Response of Connecticut, to recover for injuries sustained as a result of a January 2, 1996 incident.
In her writ, summons and complaint, returnable May 6, 1996, the plaintiff alleges that while being transported from Danbury Hospital to an ambulance by employees of American Medical Response of Connecticut, the gurney upon which she was being transported tipped and fell, causing the plaintiff to hit the ground.
It is claimed that the plaintiff sustained personal injuries due to the negligence of the defendant's employees, in one or both of the ways specified in the complaint: (1) they failed to stabilize the gurney to prevent it from tipping and falling; and (2) they carelessly pushed against the side of the gurney, causing it to tip.
The defendant, in its answer of August 29, 1997, denied that its employees were negligent. No claim of comparative negligence was raised by way of special defense.
On September 5, 1997, the defendant requested permission to implead the third-party defendant, Danbury Hospital, seeking indemnification.
The motion to implead was granted, and the third-party complaint served upon Danbury Hospital.
The third-party complaint alleges that while the plaintiff, Inez Flye, was being transported, the gurney was caused to tip CT Page 9863 and fall, due to an accumulation of ice and/or snow on the hospital property.
It is claimed that the third-party defendant, Danbury Hospital, was negligent in that it failed to shovel ice and snow from the parking lot, it failed to apply sand and salt, and it failed to warn the plaintiff, Inez Flye, of the dangerous condition.
The third-party complaint further alleges that Danbury Hospital was in control of the premises to the exclusion of the third-party plaintiff.
Danbury Hospital now moves to strike the third-party complaint, based upon its failure to state a claim for indemnification as a matter of law.
No direct action has been filed by the plaintiff against the third-party defendant, Danbury Hospital.
The purpose of a motion to strike is to test the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138, 142
(1989); Cyr v. Brookfield, 153 Conn. 261, 263 (1965). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Waters v. Autuori,236 Conn. 820, 825-26 (1996).
In ruling upon a motion to strike, the court must construe all facts in a complaint in the light most favorable to the nonmoving party, in this case, the third-party plaintiff, American Medical Response of Connecticut. Gordon v. BridgeportHousing Authority, 208 Conn. 161, 170 (1988); Rowe v. Godou,209 Conn. 273, 278 (1988).
In its third-party complaint, the defendant claims that it did not know of the negligence of Danbury Hospital, had no reason to anticipate that Danbury Hospital would be negligent, and relied upon Danbury Hospital not to be negligent.
Furthermore, the defendant claims that Danbury Hospital was in exclusive control of the premises, 24 Hospital Avenue, Danbury.
In order to prevail in its indemnification claim, the defendant, American Medical Response of Connecticut, must CT Page 9864 establish four separate elements: (1) that the third-party defendant, Danbury Hospital, was negligent; (2) that its negligence, rather than the negligence of the employees of American Medical Response of Connecticut was the immediate cause of the incident and the resulting injuries; (3) that the third-party defendant was in control of the situation to the exclusion of American Medical Response of Connecticut; and (4) that the defendant did not know of the negligence of Danbury Hospital, had no reason to anticipate it, and could reasonably rely upon Danbury Hospital not to be negligent. Kaplan v. Merberg WreckingCorporation, 152 Conn. 405, 416 (1965); Skuzinski v. BouchardFuels, Inc., 240 Conn. 694, 698 (1997).
Although the question of exclusive control of the situation is normally a question of fact, Weintraub v. Richard Dahn, Inc.,188 Conn. 570, 573 (1982), where no reasonable juror could find that the third party defendant had exclusive control over the situation, the issue becomes one of law. Skuzinski, supra, 705;Abrahams v. Young Rubicam, Inc., 240 Conn. 300, 307 (1997).
There is a distinction between exclusive control of the premises on which an incident occurred, and exclusive control of the situation producing injury to the plaintiff. Skuzinski,supra, 706.
Here, the third-party plaintiff, American Medical Response of Connecticut, can show control over 24 Hospital Avenue in the third-party defendant, Danbury Hospital, but not exclusive control over the situation producing the injuries to the plaintiff.
"[I]f a claim for indemnification is grounded in tort, [that claim] is warranted only upon proof that the injury resulted from the active or primary negligence of the party against whom reimbursement is sought." (Internal quotation marks omitted.)Burkert v. Petrol Plus of Naugatuck, Inc., 216 Conn. 65, 74
(1990).
The plaintiff's complaint alleges that employees of the defendant, American Medical Response of Connecticut, failed to stabilize the gurney to prevent it from tipping, and carelessly pushed against the side of the gurney.
Because the plaintiff is limited to the allegations contained in her complaint, in order to find for the plaintiff, a jury must CT Page 9865 find active negligence by the defendant's employees.
Therefore, Danbury Hospital can not be in exclusive control of the "situation" to the exclusion of American Medical Response of Connecticut.
Furthermore, the third-party complaint is insufficient, in that paragraph eight of that complaint alleges only control of 24 Hospital Avenue, not of the situation producing injury to the plaintiff.
The motion to strike of the third-party defendant, Danbury Hospital, is GRANTED.
RADCLIFFE, J.